UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KIMBERLY GASKINS, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | No. 1:19-cv-00053-JMS-TAB |

**Order Discussing Motion for Relief Pursuant to 28 U.S.C. § 2255
and Denying Certificate of Appealability**

For the reasons explained in this Order, the motion of Kimberly Gaskins for relief pursuant to 28 U.S.C. § 2255 must be **denied** and the action dismissed with prejudice**.** In addition, the Court finds that a certificate of appealability should not issue**.**

**I. The § 2255 Motion**

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge her conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Relief under this statute is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878-79 (7th Cir. 2013) (citing *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996); *Barnickel v. United States*, 113 F.3d 704, 705 (7th Cir. 1997)).

## II. Factual Background

On November 15, 2016, Gaskins and her co-conspirators were charged with conspiracy to possess with intent to distribute and to distribute 500 grams or more of methamphetamine (mixture), in violation of 21 U.S.C. §§ 841(a)(1) and 846. *United States v. Gaskins*, 1:16-cr-00249-JMS-MJD-3 ("Crim. Dkt.") dkt. 14. Gaskins was also charged with being a felon in possession of the seven firearms, in violation of 18 U.S.C. § 922(g)(1). *Id.* On September 14, 2017, an information was filed pursuant to 21 U.S.C. § 851, advising that Gaskins had a prior felony conviction for possession of methamphetamine from Indiana. Crim. Dkt. 97.

Gaskins agreed to plead guilty to the conspiracy to distribute methamphetamine charge. Dkt. 93, ¶ 1. Pursuant to the plea agreement, the parties agreed to a sentence between 276 to 300 months in prison. Crim. Dkt. 93, ¶ 7. As part of the plea agreement, Gaskins expressly waived her right to appeal her conviction and sentence if the Court sentenced her in accordance with the plea agreement. *Id.*, ¶ 19. She also agreed not to contest, or seek to modify, "her conviction or sentence or the manner in which either was determined in any proceeding, including but not limited to an action brought under . . . 28 U.S.C. § 2255." *Id.*, ¶ 20. The government agreed to move to dismiss the felon in possession of firearms charge (Count Two) and, although Gaskins had several qualifying prior convictions, the government agreed to allege only one prior offense in the § 851 information. Crim. Dkt. 93, ¶ 1; Crim. Dkt. 216, p. 15.

In the plea agreement, Gaskins acknowledged that she: read the indictment and the discussed the charges and possible defenses with counsel; understood the charges against her; read the plea agreement and discussed it with her attorney; understood the terms of the plea agreement; was satisfied with counsel's representation; made no claim of innocence; and was freely and voluntarily pleading guilty. Crim. Dkt. 93, ¶ 24. Gaskins' counsel certified that he had fully

explained to Gaskins the charges against her and the terms of the plea agreement. He opined that Gaskins' plea of guilty was "voluntarily and understandingly made." Crim. Dkt. 93, ¶ 25.

Gaskins' combined change of plea and sentencing hearing was held on December 21, 2017. Crim. Dkt. 216. At the hearing, Gaskins stated that she was being treated for mental illness and her treatment included taking a "thousand milligram of Depakote a day[,] 45 milligrams of Buspar and also … 1 milligram of Risperdal." Crim. Dkt. 216, p. 5. She reported that these medications had a positive impact on her ability to understand. *Id*. She acknowledged that none of the medications she took impaired her ability to understand the proceedings, and she agreed to seek clarification from the Court or her attorney if she did not understand something. *Id.*, p. 6.

Gaskins swore under oath that she: understood that her plea was governed by Rule 11(c)(1)(C) which required the court to sentence her "to a term of imprisonment of between 276 to 300 months" and that a sentence in this range was appropriate *Id.*, p. 10, 15, 20-21, reviewed the allegations against her with her attorney, *id.*, p. 7-8, was satisfied with counsel's representation, *id.* p. 20, read and understood the plea agreement, *id.*, p. 7-8, 20, wanted to plead guilty because she was guilty, *id.*, p. 9, understood she had the right to plead not guilty and had a right to a jury trial where the government would have to prove her guilt beyond a reasonable doubt but that she was giving up those rights, *id*., p. 10, 14, and that no one was forcing her to plead guilty, *id.*, p. 8.

The Court found that Gaskins was "fully competent and capable of entering an informed plea, that she [was] aware of the nature of the charge and consequences of the plea, that the plea of guilty [was] a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense." *Id.*, p. 22. Consequently, Gaskins was adjudged guilty of conspiracy to possess and distribute methamphetamine. *Id*.

During her allocution Gaskins admitted that she distributed methamphetamine to fund her

3

addictions and her children's addictions. *Id*. As to her mental health, she stated that she felt better than she had in a long time, was taking medication, and that her "head is clearer than it has been in 25 years." *Id.*, p. 29-30.

During the sentencing portion of the hearing, her counsel acknowledged that "Gaskins readily admitted conduct that exceeded 5 kilograms in an immunized statement." *Id.*, p. 23. And, while Gaskins initially questioned whether there was adequate evidence to establish that amount, she ultimately acknowledged that sufficient evidence existed. *Id*. In addition, Gaskins affirmed her prior conviction for possessing methamphetamine in Indiana as noticed in the § 851 information. *Id.*, p. 25.

In compliance with the terms of the binding plea agreement, Gaskins was sentenced to 276 months' imprisonment (the bottom of the range agreed to by the parties). Crim. Dkt. 133. The Court found the 23-year sentence was sufficient to reflect the seriousness of the offense, provided a just punishment, and protected the public. Crim. Dkt. 216, p. 37. In addition, the Court recommended, among other things, that Gaskins receive mental health treatment. Crim. Dkt. 133.

Gaskins did not appeal. She filed this motion for relief pursuant to 28 U.S.C. § 2255 on January 2, 2019.

### III. Discussion

In support of her § 2255 motion, Gaskins argues that her counsel was ineffective for failing to: (1) investigate her competency; (2) challenge the government's controlled buys because they were excessive and exposed her to a longer sentence; (3) challenge the quantity of methamphetamine attributed to her in the plea agreement; and (4) allow her to view the case files and videos.

A petitioner claiming ineffective assistance of counsel bears the burden of showing (1) that trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688–94 (1984); *United States v. Jones*, 635 F .3d 909, 915 (7th Cir. 2011). If a petitioner cannot establish one of the *Strickland* prongs, the Court need not consider the other. *Groves v. United States,* 755 F.3d 588, 591 (7th Cir. 2014). To satisfy the first prong of the *Strickland* test, the petitioner must direct the Court to specific acts or omissions of his counsel. *Wyatt v. United States,* 574 F.3d 455, 458 (7th Cir. 2009). The Court must then consider whether in light of all of the circumstances counsel's performance was outside the wide range of professionally competent assistance. *Id.* In order to satisfy the prejudice component, the petitioner must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

The United States argues that Gaskins waived her right to challenge her conviction and sentence as part of her plea agreement. "A defendant may validly waive both his right to a direct appeal and his right to collateral review under § 2255 as part of his plea agreement." *Keller v. United States*, 657 F.3d 675, 681 (7th Cir. 2011); *see also Solano v. United States*, 812 F.3d 573, 577 (7th Cir. 2016). Such waivers are upheld and enforced with limited exceptions in cases in which (1) "the plea agreement was involuntary," (2) "the district court relied on a constitutionally impermissible factor (such as race)," (3) "the sentence exceeded the statutory maximum," or (4) the defendant claims ineffective assistance of counsel in relation to the negotiation of the plea agreement. *Id.* (internal quotations omitted); *Gaylord v. United States*, 829 F.3d 500, 505 (7th Cir. 2016). Because Gaskins' claims of ineffective assistance of counsel are based on counsel's acts in the course of plea negotiations, the Court will address those claims. *See Hurlow v. United States*,

726 F.3d 958, 965 (7th Cir. 2013) (addressing § 2255 claims when the petitioner alleged that the plea agreement was produced by ineffective assistance of counsel). In the context of guilty pleas, "in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

 A. *Competency*

Gaskins first contends that her plea was not knowing and intelligent and counsel failed to investigate her competency. "[A] guilty plea is valid only if it is entered knowingly and voluntarily." *United States v. Haslam*, 833 F.3d 840, 845 (7th Cir. 2016) (citing *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005)). "[T]he district court is required to order a hearing to determine a defendant's competency only when the court finds 'reasonable cause to believe' that the defendant may be suffering from a mental disorder that makes him incompetent to the extent that he cannot understand the nature and consequences of the proceedings against him or assist in his defense." *United States v. Weathington*, 507 F.3d 1068, 1073 (7th Cir. 2007) (quoting 18 U.S.C. § 4241(a); *United States v. Grimes,* 173 F.3d 634, 635–36 (7th Cir.1999)).

 The Court discussed Gaskins' mental health at length at her plea hearing:

 THE COURT: All right. Also, I need to make sure you can understand the proceedings today. Let me ask if you have been treated recently for any mental illness.

 THE DEFENDANT: I have.

 THE COURT: Tell me about that.

 THE DEFENDANT: I am on a couple different mental health meds, thousand milligram of Depakote a day and 45 milligram of Buspar and also I get 1 milligram of Risperdal.

 THE COURT: Okay. And do those medications help you understand or prevent you from understanding?

> THE DEFENDANT: Ma'am, they help me, yeah.
>
> THE COURT: All right. And have you ever been treated for drug addiction?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: And are you suffering the effects of addiction today in any way that would prevent you from understanding what is happening?
>
> THE DEFENDANT: No, ma'am.
>
> THE COURT: Okay.
>
> Right now you mentioned those three medications, and we have talked about them having a positive impact on your ability to understand. Are you under the influence of any other drug, medication, or alcoholic beverage right now?
>
> THE DEFENDANT: Just prescription medication for my breathing and for my blood pressure.
>
> THE COURT: All right. And do either of those medications affect your ability to understand what is happening?
>
> THE DEFENDANT: No, ma'am.
>
> THE COURT: Okay. If at any time, Ms. Gaskins, something comes up today that you don't understand, you can either ask me, and I will try to clarify it. Or if you prefer, you can ask to speak privately with Mr. Dazey, all right?
>
> THE DEFENDANT: Okay.

Crim. Dkt. 216, p. 5-6.

Gaskins also stated at the hearing that she "fe[lt] better than [she had] in a long time" and that she was "starting to get mental health meds" and that her "head is clearer than it has been in 25 years." Crim. Dkt. 216, p. 29-30. Further, when the Court accepted her plea, the Court found that Gaskins was "fully competent and capable of entering an informed plea [and] that she [was] aware of the nature of the charge and consequences of the plea." Crim. Dkt. 216, p. 22.

Here, there is no evidence in the record that of a "reasonable cause to believe" that Gaskins may have been suffering from a mental disorder such that she could not understand the proceedings

7

and therefore that a competency hearing was required. Her vague assertion that competency was an issue is not enough to overcome her testimony at the hearing regarding her mental state and the Court's determination of her competency. Gaskins therefore has not shown that her counsel was ineffective for failing to seek a competency hearing.

B. *Controlled Buys and Amount of Methamphetamine*

Gaskins next argues that her counsel was ineffective for failing to challenge excessive controlled buys and for failing to challenge the amount of methamphetamine attributable to her.

There is ample evidence in the record that Gaskins was responsible for more than 5 kilograms of methamphetamine. At the plea and sentencing hearing, Gaskins affirmed the terms of the plea agreement, including that she was responsible for more than 5 kilograms of methamphetamine. Crim. Dkt. 216, p. 22-23. The factual basis in the plea agreement stated that Gaskins routinely sold methamphetamine out of her home for "several years." Crim. Dkt. 93, ¶ 15. In addition, Gaskins admitted in her allocution that she sold methamphetamine to support her and her children's addiction to methamphetamine. Crim. Dkt. 216, p. 28-29. Moreover, Gaskins has presented no evidence in support of her § 2255 motion that this amount was incorrect or that any challenge to it by her counsel would have been successful. She has therefore failed to show ineffective assistance of counsel for any failure to challenge of methamphetamine attributable to her.

C. *Case Files*

Gaskins also argues that her counsel was ineffective for failing to allow her to view the case files or videos of the controlled buys. But Gaskins does not identify what additional information the videos or case files would provide that would lead her to reject the guilty plea and insist on going to trial. She has therefore failed to show that, even if her counsel were ineffective

for failing to share the evidence with her, she was prejudiced by this error. *See Hill*, 474 U.S. at 59.

D. *Request for Stay*

Finally, Gaskins asks the Court to stay these proceedings while she pursues post-conviction relief in state court from her Indiana conviction for felony possession of methamphetamine, which formed the basis of the enhancement of her sentence. Gaskins was directed to update the Court regarding the status of that proceeding and failed to do so. But review of the docket in case number 49G20-1810-PC-037744 in Marion Superior Court reveals that that case is set for a hearing in February 2021. There is no indication when the motion for post-conviction relief might be decided. This Court cannot stay these proceedings indefinitely. If Gaskins' motion for post-conviction relief is eventually successful, she may then seek relief from her sentence enhancement. *See Arreola-Castillo v. United States*, 889 F.3d 378, 39 (7th Cir. 2018) (holding that an individual may move to reopen a federal sentence based on the state court's vacatur of a prior conviction that enhanced the sentence); *United States v. Obeid*, 707 F.3d 898, 903 (7th Cir. 2013) ("a petition or motion based on a claim that did not become ripe any earlier than until after the adjudication of the petitioner's first petition or motion" is not barred as a "second or successive" motion under 28 U.S.C. § 2255(h)).

### IV. Conclusion

For the reasons explained in this Order, Kimberly Gaskins is not entitled to relief on her § 2255 motion. There was no ineffective assistance of counsel. Accordingly, her motion for relief pursuant to § 2255 is **DENIED** and this action is dismissed with prejudice. Judgment consistent with this Entry shall now issue and the Clerk shall **docket a copy of this Entry in No. 1:16-cr-00249-JMS-MJD-3.** The motion to vacate (Crim. Dkt. 214) shall also be **terminated** in the

underlying criminal action.

### V. Denial of Certificate of Appealability

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition, rather, she must first request a certificate of appealability. *See Miller–El v. Cockrell*, 537 U.S. 322, 335 (2003); *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014). Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the Court finds that Gaskins has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 1/8/2021

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

KIMBERLY GASKINS
15453-028
CARSWELL - FMC
CARSWELL FEDERAL MEDICAL CENTER
Inmate Mail/Parcels
P.O. BOX 27137
FORT WORTH, TX 76127

Michelle Patricia Brady
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
michelle.brady@usdoj.gov